**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT CONNORS, ALEX EINSPRUCH,** | § | |
| **KAYVON SHAHBAZ, BRIAN STEELY,** | § | |
| **AND PETER LU,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-CV-1066** |
| | § | |
| **TRAVELERS CASUALTY AND** | § | |
| **SURETY COMPANY OF AMERICA,** | § | |
| | § | |
| **DEFENDANT.** | § | |

_____

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
_____

Respectfully submitted,

J. Price Collins
State Bar No.: 04610700
price.collins@wilsonelser.com
Ashley F. Gilmore
State Bar No.: 50511704
ashley.gilmore@wilsonelser.com
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, TX  75202-3758
Telephone:  214-698-8000
Facsimile:   214-698-1101

**ATTORNEYS FOR DEFENDANT**
**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA**

# TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES .................................................................................................. iii

I.   SUMMARY ............................................................................................................... 1

II.  GROUNDS FOR SUMMARY JUDGMENT ................................................... 3

III. SUMMARY JUDGMENT EVIDENCE ........................................................... 4

IV.  UNDISPUTED FACTS ......................................................................................... 5

    A.   the Policy Expressly Excludes Coverage for Claims Based Upon, Arising Out of, Directly or Indirectly Resulting From, or in Any Way Involving Damage to, Destruction of, Deterioration of, Loss of, or Loss of Use of Tangible Property ......................................................................................... 5

    B.   The Board Members Were Sued for Damage to, Destruction of, Deterioration of, Loss of, or Loss of Use of Tangible Property ............................. 5

        1.   The Original Petition .................................................................................... 5

        2.   The First Amended Petition ......................................................................... 8

        3.   The Condo Owners' Causes of Action and Claimed Damages .................. 9

    C.   The Coverage Dispute Between The Board Members and Travelers ..................... 9

V.   ARGUMENT and AUTHORITIES ................................................................ 10

    A.   Summary Judgment Standard of Review ................................................. 10

    B.   The Duty to Defend Must Be Determined Based on the Actual Allegations, Without Reading in Facts or Imagining Scenarios That Are Not Actually Pleaded .................................................................................. 10

    C.   The Property Damage Exclusion Bars Coverage for the Underlying Suit ........... 11

        1.   The Property Damage Exclusion Is Unambiguous and Must Be Broadly Construed and Enforced as Written ............................................ 11

        2.   Courts Routinely Enforce Property Damage Exclusions to Bar Coverage for Claims Like Those in the Underlying Suit ......................... 12

7754.07648.00284P-2661583v.1

3.      Because All the Claims in the Underlying Suit Bear at Least an
               Incidental Relationship to Property Damage, Coverage Is Excluded ........14

D.     Absent Coverage, Travelers Has No Duty to Defend, and the Board
       Members Cannot Prevail on Their Claims for Declaratory Judgment,
       Breach of Contract, or Permanent Injunction ........................................................17

E.     Travelers Is Also Entitled to Summary Judgment That It Has No Duty to
       Indemnify the Board Members in the Underlying Suit ........................................18

F.     Absent Coverage, the Board Members Cannot Prevail on Their Extra-
       Contractual Claims ...............................................................................................19

       1.      Because Travelers Is Not Liable for Defense Costs, the Board
               Members Cannot Recover under Chapter 542 ........................................19

       2.      Because the Board Members Cannot Establish a Right to Policy
               Benefits or an Independent Injury, They Cannot Recover on Their
               Common Law and Statutory Bad Faith Claims ........................................20

       3.      Because the Board Members Cannot Show a Breach of Contract,
               They Cannot Recover Attorneys' Fees ........................................................22

VI.    CONCLUSION ...........................................................................................................23

CERTIFICATE OF SERVICE ...........................................................................................25

7754.07648.00284P-2661583v.1

## TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289 (Tex. 2001) ...............................................20

*Am. States Ins. Co. v. Bailey*, 133 F.3d 363 (5th Cir. 1998) .........................................18

*Carolina Casualty Company v. Sowell*, 603 F. Supp. 2d 914 (N.D. Tex. 2009) ...........................12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...............................................10

*Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*,
   No. 3:16-CV-0465-B, 2017 U.S. Dist. LEXIS 114468 (N.D. Tex. July 21,
   2017) ...................................................................................20, 21, 22

*Cincinnati Specialty Underwriters Ins. Co. v. Chajon*, No. 3:16-CV-3180-G,
   2017 U.S. Dist. LEXIS 119989 (N.D. Tex. July 31, 2017) ........................................18, 19

*Commodore Plaza Condo. Ass'n, Inc. v. QBE Ins. Corp. and Trav. Cas. & Sur.
   Co.*, No. 12-22534-CIV, 2013 WL 150612  (S.D. Fla. Jan. 14, 2013) ..............................14

*Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20 (Tex. 2008) ...........................12

*Eastpointe Condo. I Ass'n v. Travelers Cas. & Sur. Co.*, 379 Fed. Appx. 906
   (11th Cir. 2010) ...........................................................................14

*Evanston Ins. Co. v. Alden Roofing Co., LLC*, No. 3:16-CV-2626-G, 2017 U.S.
   Dist. LEXIS 81845 (N.D. Tex. May 30, 2017) ...................................................10, 11, 17

*Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997) ...........................18, 19

*Fed. Ins. Co. v. Everest Nat'l Ins. Co.*, 257 S.W.3d 771 (Tex. App.—Dallas 2008,
   no pet.) .....................................................................................13

*Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986) .........................................10

*Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365
   (5th Cir. 2008) .............................................................................11

*GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305
   (Tex. 2006) ..................................................................................11

*Hess v. Travelers Cas. & Sur. Co.*, No. 11-C-1310, 2013 WL 623981
   (N.D. Ill. Feb. 20, 2013) .....................................................................14

*Markel Am. Ins. Co. v. Verbeek*, 657 Fed. App'x 305 (5th Cir. 2016) ...............................18

*Md. Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27 (Tex. 1996) ......................21

7754.07648.00284P-2661583v.1

*Mid-Continent Cas. Co. v. Camaley Energy Co.*, 364 F. Supp. 2d 600 (N.D. Tex. 2005) ................................................................................................................11

*Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493 (N.D. Tex. 2011) ................................................................................................................21

*Parc Condo. Ass'n v. Travelers Cas. & Sur. Co.*, No. H-15-486, 2016 WL 5172513 (S.D. Tex. Mar. 31, 2016) ................................................................13

*Pine Oak Builders, Inc. v. Great American Lloyds Ins. Co.*, 279 S.W.3d 650 (Tex. 2009) ......................................................................................................11

*Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919 (Tex. 2005) .............................19, 20

*Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995) ............................................................21

*Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453 (5th Cir. 2003) ..........................12

*State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799 (Tex. 2007) ............................................20

*State Farm Lloyds v. Page*, 315 S.W.3d 525 (Tex. 2010) ............................................................19

*Test Masters Educ. Servs. v. State Farm Lloyds*, 791 F.3d 561 (5th Cir. 2015) ..........................11

*Tex. Trailer Corp. v. Nat'l Union Fire Ins. Co.*, NO. 3:15-CV-2453-B, 2016 U.S. Dist. LEXIS 84074 (N.D. Tex. June 28, 2016) ................................23

*USAA Tex. Lloyds Co. v. Menchaca*, No. 14-0721, 2017 Tex. LEXIS 361 (Tex. Apr. 7, 2017) ..............................................................................................21, 22

*Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.,* 141 S.W.3d 198 (Tex. 2004) ............................12

*Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015) ..............................................................................................22

## Statutes

TEX. CIV. PRAC. & REM. CODE § 37.009 ......................................................................................23

TEX. CIV. PRAC. & REM. CODE § 38.001 ......................................................................................23

TEX. INS. CODE § 541.060 ..............................................................................................................21

TEX. INS. CODE § 542.051, *et seq.* ...............................................................................................19

TEX. INS. CODE § 542.060 ..............................................................................................................19

7754.07648.00284P-2661583v.1

**Rules**

FED. R. CIV. P. 56.................................................................................................................10

7754.07648.00284P-2661583v.1

Pursuant to Federal Rule of Civil Procedure 56 and the Local Rules of this Court, Defendant Travelers Casualty and Surety Company of America ("Travelers") files this Brief in Support of Its Motion for Summary Judgment and respectfully shows the Court as follows:

# I.
## SUMMARY

This is an insurance coverage dispute. Plaintiffs Robert Connors, Alex Einspruch, Kayvon Shahbaz, Brian Steely, and Peter Lu (collectively, the "Board Members") are members of the Board of Directors of the 4100 Travis Street Condominium Homeowners Association (the "HOA"). (App. 36).[1] Four owners of condominium units—William Barnes, Margaret Barnes, Mark Oristano, and Lynn Oristano (collectively, the "Condo Owners")—filed a lawsuit (the "Underlying Suit") against the Board Members seeking to recover under various legal theories for damage to their units resulting from water intrusion issues. (App. 33-49). The Board Members seek defense and indemnity coverage for the Underlying Suit under the management liability policy (the "Policy") that Travelers issued to the HOA. (App. 4-32; Doc. 1-5).[2]

The Policy contains an exclusion expressly stating that Travelers will not be liable for **Loss**[3] for any **Claim** "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any damage to, destruction of, deterioration of, loss of, or loss of use of any tangible property, including any **Construction Defect** . . . " (the "Property Damage Exclusion"). (App. 16). This policy language is clear and unambiguous and thus must be enforced as written.

---

[1] The designation "App." refers to Defendant's Appendix to Motion for Summary Judgment, which Travelers is filing contemporaneously with its Motion for Summary Judgment and this Brief in Support.

[2] The designation "Doc." refers to a Document filed in this action.

[3] The capitalized words in bold font are terms which are defined in the Policy and are used herein in accordance with those definitions.

7754.07648.00284P-2661583v.1

Texas law instructs that "arising out of", even when used in an exclusion, must be broadly construed to require only simple, "but for" causation. Thus, a claim need only bear an "incidental relationship" to the excluded matters for coverage to be excluded. Applying these principles here, coverage is excluded because all of the claims against the Board Members bear, at a minimum, an incidental relationship to damage to, destruction of, deterioration of, loss of, or loss of use of tangible property.

Focusing on the factual allegations, not just the legal theories, the basis of the Underlying Suit is that the Board Members breached their duties by failing to repair water intrusion issues that caused property damage to the condos, failing to implement the plan of repair for the property damage, failing to hold meetings so that the repair plan could be approved and implemented, and issuing a special assessment to pay for repair costs on an equal, rather than proportionate, basis. (App. 46-48, 64-66). Notably, all of the damages claimed in the Underlying Suit stem from the property damage to the condos caused by the water intrusion. (App. 44-45, 62-63). These damages include the costs to repair physical damage in the form of falling and buckling stucco and sagging ceilings, diminution of the property value of the condos, and diminishment of the Condo Owners' quality of life and enjoyment of their homes. (*Id.*).

In the absence of damage to the units, the Condo Owners would have no complaints against the Board Members. Therefore, all of the allegations and claimed damages bear at least an incidental relationship to, and would not exist "but for," the property damage caused by the water intrusion issues. The Underlying Suit constitutes a **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving damage to, destruction of, deterioration of, loss of, or loss of use of tangible property. Consequently, the Property Damage Exclusion excludes coverage for the Underlying Suit in its entirety.

7754.07648.00284P-2661583v.1

The Board Members' claims against Travelers for declaratory judgment, breach of contract, and permanent injunction all require a finding of a duty to defend. Because the Policy does not cover the Underlying Suit, Travelers has no duty to defend, and the Board Members cannot prevail on these causes of action. Further, because the same ground that precludes the duty to defend forecloses any possibility of coverage for a settlement or judgment, Travelers is also entitled to a summary judgment that it has no duty to indemnify. Finally, because Travelers has no liability under the Policy and the Board Members have no independent injury, the Board Members cannot prevail on their extra-contractual claims for violation of Chapters 541 and 542 of the Texas Insurance Code, common law bad faith, and statutory attorneys' fees.

In sum, the undisputed facts establish as a matter of law that the Board Members cannot prevail on any of their claims against Travelers and that Travelers is entitled to judgment in its favor as a matter of law on all of the claims asserted against it in this action. Travelers' Motion for Summary Judgment therefore should be granted.

## II.
## GROUNDS FOR SUMMARY JUDGMENT

The undisputed summary judgment evidence establishes that no genuine issue exists as to any material fact, that the Board Members cannot prevail on any of their claims against Travelers, and that Travelers is entitled to summary judgment in its favor as a matter of law based on the following grounds:

1.      Because the Policy's Property Damage Exclusion applies, the Underlying Suit is not covered under the Policy.

2.      Absent coverage, Travelers does not have a duty to defend the Underlying Suit, and Travelers' denial of coverage was not a breach of the Policy. The Board Members therefore cannot prevail on their claims for declaratory judgment, breach of contract, or permanent injunction.

7754.07648.00284P-2661583v.1

3.     The same grounds that preclude the duty to defend also preclude the duty to indemnify.

4.     Because Travelers has no liability under the Policy and the Board Members have no independent injury, the Board Members cannot prevail on any of their extra-contractual claims.

### III.
### SUMMARY JUDGMENT EVIDENCE

In support of its Cross-Motion, Travelers relies on the pleadings on file in this action and the following documents contained in Defendant's Appendix to Motion for Summary Judgment, which are incorporated herein by reference:

Tab A:     Declaration of Ashley F. Gilmore

Tab 1:     A true and correct copy of the Policy

Tab 2:     A true and correct copy of the Original Petition filed in the Underlying Suit

Tab 3:     A true and correct copy of the First Amended Petition filed in the Underlying Suit

Tab 4:     A true and correct copy of the October 25, 2016 letter from Travelers to the 4100 Travis Street Condominium Homeowners Association

Tab 5:     A true and correct copy of the November 29, 2016 letter from the Board Members' counsel to Travelers

Tab 6:     A true and correct copy of the December 5, 2016 letter from Travelers to the Board Members' counsel

7754.07648.00284P-2661583v.1

# IV.
# UNDISPUTED FACTS

**A.** **The Policy Expressly Excludes Coverage for Claims Based Upon, Arising Out of, Directly or Indirectly Resulting From, or in Any Way Involving Damage to, Destruction of, Deterioration of, Loss of, or Loss of Use of Tangible Property**

Travelers issued Community Association Management Liability Coverage Policy No. 106381254 (the "Policy") to 4100 Travis Street Condominium Homeowners Association (the "HOA") for the **Policy Period** from September 30, 2016 to September 30, 2017. (App. 5). The Policy's insuring agreement provides that Travelers will pay on behalf of the **Insured Persons**, **Loss** for **Directors and Officers Wrongful Acts** that results from any **Directors and Officers Claim**. (App. 10). Importantly, however, Section III.A.1. of the Policy contains the following clear and unambiguous exclusion:

> The Company will not be liable for **Loss** for any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any damage to, destruction of, deterioration of, loss of, or loss of use of any tangible property, including any **Construction Defect**, whether or not as a result of inadequate or insufficient protection from soil or ground water movement, soil subsidence, mold, toxic mold, spores, mildew, fungus, or wet or dry rot.
>
> * * * *

(the "Property Damage Exclusion"). (App. 16).

**B.** **The Board Members Were Sued for Damage to, Destruction of, Deterioration of, Loss of, or Loss of Use of Tangible Property**

**1.** **The Original Petition**

On October 14, 2016, the Board Members were sued in the underlying suit styled *William Barnes, Margaret Barnes, Mark Oristano, and Lynn Oristano v. Robert Connors, et al.*, Cause No. DC-16-13508, in the 160th District Court of Dallas County, Texas (the "Underlying Suit") (App. 33). The Original Petition in the Underlying Suit alleges that the 4100 Travis Street

7754.07648.00284P-2661583v.1

Condominiums (the "Condominium") is governed by: (1) the "Declaration of Condominium for 4100 Travis Street Condominiums" and all supplements, amendments, and exhibits thereto (the "Declaration"); and (2) the Bylaws of the 4100 Travis Street Condominium Homeowners Association (the "Bylaws").  (App. 35).  The HOA is a Texas non-profit corporation organized as a unit owners' association and operated by a Board of Directors (the "Board").  (App. 35-36).

According to the Original Petition, the Condominium "suffers from severe water intrusion problems" which have caused "costly harm to the structural integrity of the Condominium."  (App. 35).  In 2013, the Board hired Exterior Consulting Innovations, Inc. ("ECI") to investigate the extent and causes of water intrusion issues at the Condominium.  (App. 37).  In March 2013, ECI conducted a visual survey of the Condominium exterior, performed destructive excavations on a sample balcony, and provided the Board with reports identifying multiple problems with the exterior balcony wall construction, balcony construction, stucco, windows and doors, patios and roofs, and brick veneer.  (App. 37-41).  In May 2013, ECI conducted additional destructive excavations on the stucco and brick and provided the Board with a report detailing additional problems.  (App. 41).  The Original Petition alleges that in each of its reports, ECI identified "significant water intrusion issues in need of immediate remediation in order to prevent further damage and degradation to the Condominium."  (App. 42).  ECI estimated that a contractor would charge $563,760 to correct the water intrusion issues.  (App. 42).

The Original Petition alleges that despite full knowledge of the "serious water intrusion issues," the Board waited 20 months, until January 21, 2015, before approving ECI to prepare construction documents which would allow contractors to submit repair proposals.  (App. 42).  On April 8, 2015, the Board sent unit owners an update with a timeline for repairs to begin in

7754.07648.00284P-2661583v.1

July 2015.  (App. 42-43).  On June 12, 2015, ECI completed the Construction Documents for Roof Repairs and Exterior Wall Renovations (the "Construction Documents"), which included a "comprehensive plan for repairing the damage caused by the water intrusion issues and for preventing further deterioration of the Condominium" (the "Repair Plan").  (App. 43).  ECI solicited and received bids from three contractors, and on July 6, 2015, the Board voted to hire the lowest-bidding contractor to fix the water intrusion issues.  (App. 43).

The Original Petition contends that even though the Board appointed a committee to oversee implementation of the Repair Plan in July 2015, no subsequent Board meeting was attended by a quorum of the Board, which effectively barred implementation of the Repair Plan. (App. 43).  Despite the fact that the comprehensive Repair Plan was created in June 2015, no work had been done by May 2016, and on May 24, 2016, the Condo Owners sent a letter to the Board demanding that the water intrusion issues be remedied.  (App. 43).  The Original Petition asserts that the Board then hired a contractor to apply sealant around windows on some units and drill weep holes, but it is not clear that such work was approved by a quorum of the Board or done consistently with the Repair Plan.  (App. 43-44).

The Original Petition states that at the Board meeting on August 8, 2016, a quorum was present, but no action was taken towards implementing the Repair Plan.  (App. 44).  One of the Condo Owners presented the Board with pictures of the water intrusion damage and informed the Board that insects had started appearing in his unit soon after the weep holes were drilled.  (App. 44).  The Board reported that it was pursuing an insurance claim for the roof repairs and that it had contacted roofing contractors regarding repairing or replacing the roof, but did not say that it would take steps to begin the comprehensive repairs called for in the Repair Plan.  (App. 44).

7754.07648.00284P-2661583v.1

The Original Petition asserts that the Board offered no justification for why it took so long to develop the Repair Plan or why it has refused to implement the Repair Plan. (App. 44).

### 2.      The First Amended Petition

On June 13, 2017, the Condo Owners filed their First Amended Petition (the "Amended Petition") in the Underlying Suit. (App. 50). This pleading contains all the allegations from the Original Petition and includes new allegations based on events that happened after the filing of the Original Petition.[4] (App. 52-62). Specifically, the Amended Petition contends that following early settlement discussions in January 2017, the Board agreed to provide the Condo Owners with proposals for repairs to the roof and non-roof common elements connected to the Condo Owners' units. (App. 61-62). The Condo Owners committed to conferring with neighboring unit owners about the proposals once provided by the Board, after which the parties would continue the settlement negotiations. (App. 62).

The Amended Petition alleges that the Board delayed for months without providing the proposals and then, before providing the promised proposals to the Condo Owners for consideration, engaged a contractor to perform roof repairs on the entire Condominium. (App. 62). On April 21, 2017, the Board sent a notice requiring all unit owners to pay a special assessment of $4,000 per unit for the repairs of the damaged roofs, which was allegedly in violation of the Declaration's proportional assessment provisions. (App. 62). On May 1, 2017, the Board began the roof repairs and advised the Condo Owners that no more proposals would be forthcoming. (App. 62). The Amended Petition alleges that despite the Board Members'

---

[4]  The Amended Petition added as an additional defendant Board member, Jason Gillman. Mr. Gillman, however, is not currently a party to this coverage litigation.

7754.07648.00284P-2661583v.1

objection, the roof repairs continued and were completed on May 9, 2017, but no repairs were performed to the non-roof common elements.  (App. 62).

> **3.**     **The Condo Owners' Causes of Action and Claimed Damages**

Both the Original Petition and the Amended Petition assert causes of action against the Board Members for violation of the Declaration, the Bylaws, and the Texas Condominium Act and breach of fiduciary duty.  (App. 46-48, 64-66).  The Condo Owners seek recovery of actual, special, and consequential damages; civil damages up to $200 per day under the Texas Property Code; exemplary damages; specific performance by the Board of its obligations under the Declaration "by repairing the water intrusion issues at the Condominium in accordance with the Repair Plan"; attorneys' fees and costs; pre- and post-judgment interest; and court costs.  (App. 48-49, 67).

## C.     <u>The Coverage Dispute Between The Board Members and Travelers</u>

The Board Members submitted the Underlying Suit for coverage under the Policy.  (App. 69).  On October 25, 2016, Travelers issued a letter explaining that the Property Damage Exclusion operates to exclude coverage for the Underlying Suit in its entirety and Travelers therefore would not be affording defense or indemnification.  (App. 69-73).  On November 29, 2016, the Board Members' counsel sent a letter to Travelers challenging the denial of coverage.  (App. 74-76).  After evaluating the coverage issues and arguments asserted by the Board Members' counsel, Travelers issued a letter on December 5, 2016, affirming the denial of coverage.  (App. 77-80).  On March 16, 2017, the Board Members filed suit against Travelers in state court, which action Travelers removed to this Court.  (Doc. 1, Doc. 1-5).  The Board Members assert causes of action against Travelers for declaratory judgment, breach of contract,

7754.07648.00284P-2661583v.1

breach of the duty of prompt payment under Chapter 542 of the Texas Insurance Code, "bad

faith," statutory attorneys' fees, and permanent injunction.  (Doc. 1-5 at 6-9).

# V.
# ARGUMENT AND AUTHORITIES

## A.     Summary Judgment Standard of Review

Under the well-established standard, summary judgment is proper "if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(a).  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986).

As this Court has explained,

> A fact is material if the governing substantive law identifies it as having the
> potential to affect the outcome of the suit.  An issue as to a material fact is
> genuine "if the evidence is such that a reasonable jury could return a verdict for
> the nonmoving party."  To demonstrate a genuine issue as to the material facts,
> the nonmoving party "must do more than simply show that there is some
> metaphysical doubt as to the material facts."  The nonmoving party must show
> that the evidence is sufficient to support the resolution of the material factual
> issues in his favor.

*Evanston Ins. Co. v. Alden Roofing Co., LLC*, No. 3:16-CV-2626-G, 2017 U.S. Dist. LEXIS

81845, *3-4 (N.D. Tex. May 30, 2017) (internal citations omitted).  The disposition of a case

through summary judgment "'reinforces the purpose of the Rules, to achieve the just, speedy,

and inexpensive determination of actions, and, when appropriate, affords a merciful end to

litigation that would otherwise be lengthy and expensive.'"  *Id.* at *3 n.5 (quoting *Fontenot v.*

*Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986)).

## B.     The Duty to Defend Must Be Determined Based on the Actual Allegations, Without Reading in Facts or Imagining Scenarios That Are Not Actually Pleaded

Under Texas law, an insurer's duty to defend is determined by the eight-corners rule,

under which courts compare the facts alleged within the four corners of the underlying plaintiff's

pleadings against the language within the four corners of the insurance policy.  *Test Masters*

7754.07648.00284P-2661583v.1

*Educ. Servs. v. State Farm Lloyds*, 791 F.3d 561, 564 (5th Cir. 2015); *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).  While expansive, "the duty to defend is not limitless.  The insurer is under a legal duty to defend if, and only if, the petition alleges facts construing a cause of action within the coverage of the policy."  *Mid-Continent Cas. Co. v. Camaley Energy Co.*, 364 F. Supp. 2d 600, 603 (N.D. Tex. 2005).

When reviewing the underlying pleading, courts must focus on the factual allegations, not the asserted legal theories or conclusions.  *Test Masters Educ. Servs.*, 791 F.3d at 564. Importantly, courts may not "(1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage."  *Id.* (citing *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008)).  As this Court has repeatedly recognized, the duty to defend is limited to those claims actually asserted in the underlying pleading and does not extend to "'a claim that might have been alleged but was not, or a claim that more closely tracks the true factual circumstances surrounding the third party claimant's injuries but which, for whatever reason, has not been asserted.'"  *Evanston Ins. Co.*, 2017 U.S. Dist. LEXIS 81845 at *5 (quoting *Pine Oak Builders, Inc. v. Great American Lloyds Ins. Co.*, 279 S.W.3d 650, 655-56 (Tex. 2009)).  "If the petition only alleges facts excluded by the policy, the insurer is not required to defend."  *Id.*

**C.**     **The Property Damage Exclusion Bars Coverage for the Underlying Suit**

> **1.**     **The Property Damage Exclusion Is Unambiguous and Must Be Broadly Construed and Enforced as Written**

As set forth above, the plain language of the Property Damage Exclusion states that Travelers will not be liable for **Loss** for any **Claim** "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any damage to, destruction of, deterioration of, loss of, or loss of use of any tangible property, including any **Construction**

7754.07648.00284P-2661583v.1

**Defect** . . . ." (App. 16). This policy language is clear and unambiguous and therefore must be enforced as written. *See Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008).

Further, the Property Damage Exclusion uses the prefatory language "arising out of." (App. 16). Texas law is well established that such language, even when used in an exclusion, is broadly construed and requires simply a "causal connection or relation," which is interpreted to mean "but for" causation, not necessarily direct or proximate causation. *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.,* 141 S.W.3d 198, 203 (Tex. 2004). Thus, "when an exclusion prevents coverage for injuries 'arising out of' particular conduct, [a] claim need only bear an incidental relationship to the described conduct for the exclusion to apply." *Sport Supply Group, Inc. v. Columbia Cas. Co*., 335 F.3d 453, 458 (5th Cir. 2003). Application of these interpretive principles here requires that the Property Damage Exclusion be broadly applied to exclude coverage if the claims against the Board Members bear an incidental relationship to damage to, destruction of, deterioration of, loss of, or loss of use of any tangible property.

> **2.  Courts Routinely Enforce Property Damage Exclusions to Bar Coverage for Claims Like Those in the Underlying Suit**

Exclusions for property damage are not novel or unique, but rather are commonly found in directors and officers ("D&O"), errors and omissions ("E&O"), and other professional liability policies and are routinely and consistently enforced by Texas courts. For example, in *Carolina Casualty Company v. Sowell*, this Court found that a claim against the insured lessees for failure to remove their personal property from the leased premises "clearly falls within the Property Damage Exclusion." 603 F. Supp. 2d 914, 903 (N.D. Tex. 2009).

Similarly, a recent decision from the Southern District of Texas addressed the applicability of a nearly identical property damage exclusion to various claims asserted by

7754.07648.00284P-2661583v.1

against an insured condominium association by unit owners concerning hurricane damage to their units. *Parc Condo. Ass'n v. Travelers Cas. & Sur. Co.*, No. H-15-486, 2016 WL 5172513 (S.D. Tex. Mar. 31, 2016). Emphasizing that the claim must bear only an incidental relationship to the described conduct, the court found that the exclusion applied to the owners' claims that the association retaliated against them in response to their attempts to communicate with the association about repairs needed to their units due to the hurricane damage. *Id.* at *3. The court reasoned that "but for" the hurricane damage, the alleged retaliation would not have occurred, and thus these allegations arose out of the hurricane damage and fell under the property damage exclusion. *Id.* The court also applied the exclusion to bar coverage for allegations that despite collecting assessments and fees over the years, the association failed to properly insured the units before the hurricane. *Id.* at *4. The court found that the only claim outside the scope of the exclusion was the claim that before the hurricane damage, the association's managing agent overcharged the association for insurance premiums and pocketed that money. *Id.*

The Dallas Court of Appeals applied a similar reasoning to conclude that the property damage exclusion barred coverage for claims against a homeowners association for failure to pay for foundation repairs. *Fed. Ins. Co. v. Everest Nat'l Ins. Co.*, 257 S.W.3d 771, 773-74, 777 (Tex. App.—Dallas 2008, no pet.). The claimant homeowners alleged that the association's non-payment constituted a misrepresentation because there were promised that the association would ensure that the common areas would be kept up so that the units' property values would increase. *Id.* at 774. The court explained that the basis for this allegation was foundation damage, and that "but for" the foundation damage, there would not have been a suit against the association. *Id.* 776-77. The court concluded that the claimed damage was excluded by the property damage exclusion and that the insurer therefore had no duty to defend. *Id.* at 777.

7754.07648.00284P-2661583v.1

In addition to these Texas authorities, numerous courts in other jurisdictions have consistently applied property damage exclusions in policies issued by Travelers to allegations similar to those in this action.  *See, e.g.*, *Eastpointe Condo. I Ass'n v. Travelers Cas. & Sur. Co.*, 379 Fed. Appx. 906, 908 (11th Cir. 2010) (rejecting insured's attempt to differentiate between losses originating from property damage and losses originating from breaches of fiduciary duty that ultimately result in property damage, and concluding that property damage exclusion applied to breach of fiduciary duty claim against association for failing to properly maintain and repair the building); *Hess v. Travelers Cas. & Sur. Co.*, No. 11-C-1310, 2013 WL 623981, *2, *5 (N.D. Ill. Feb. 20, 2013) (finding that exclusion is not limited to claims for construction defects directly caused by an insured; that the exclusion applied to allegations that association members breached their fiduciary duties by allowing construction defects to continue, failing to make repairs, and failing to establish a proper reserve fund for the repair costs; and that the insurer was entitled to summary judgment that it had no duty to defend); *Commodore Plaza Condo. Ass'n, Inc. v. QBE Ins. Corp. and Trav. Cas. & Sur. Co.*, No. 12-22534-CIV, 2013 WL 150612, *4-*5 (S.D. Fla. Jan. 14, 2013) (reasoning that because all of the complained of actions by the association, including failure to timely commence and complete repairs, arose from the fact that the townhomes suffered property damage from a hurricane, the property damage exclusion barred coverage).

### 3.   Because All the Claims in the Underlying Suit Bear at Least an Incidental Relationship to Property Damage, Coverage Is Excluded

Pursuant to Texas policy interpretation rules and the above authorities, the Property Damage Exclusion applies to any claim that bears an incidental relationship to property damage. Stated differently, if the claim would not exist "but for" the property damage, coverage is barred. Correctly applying this standard, all of the claims asserted against the Board Members in the

7754.07648.00284P-2661583v.1

Underlying Suit fall within the Property Damage Exclusion and thus are excluded from coverage.

Both the Original Petition and the Amended Petition (collectively, the "Petitions") assert a cause of action for violation of the Declaration, the Bylaws, and the Texas Condominium Act. (App. 46-47, 64-65). This cause of action alleges that the Board is required to: (a) maintain and repair all common elements of the Condominium; (b) protect and defend the Project from loss or damage; (c) borrow funds to pay for expenditures; (d) make repairs consistent with managing the Condominium in a "first class" manner and in the best interest of the owners; and (e) to meet at least once each quarter. (App. 46, 64). The Petitions allege that the Board Members failed to meet these obligations by: (a) failing and refusing to repair the water intrusion issues at the Condominium; (b) failing and refusing to implement the Repair Plan; (c) failing to hold meetings with a quorum of the Board members each quarter; and (d) failing to make repairs consistent with managing the Condominium in a "first class" manner. (App. 46, 64). The Petitions assert that these alleged failures by the Board Members constitute violations of the Declaration, the Bylaws, and the Texas Condominium Act. (App. 46-47, 65). Additionally, the Amended Petition contends that the Board Members violated the Declaration by issuing a notice of special assessment to pay for the roof repairs in the amount of $4,000 per unit, rather than on a proportional basis based on percentage of common elements applicable to each unit as provided for in the Declaration. (App. 65).

The Petitions also assert a cause of action for breach of fiduciary duty, alleging that the Board Members are fiduciaries of the Association and each unit owner. (App. 47-48, 65-66). The Petitions contend that despite numerous warnings about the severity of the water intrusion issues, the Board Members breached their fiduciary duties by failing and refusing to repair the

7754.07648.00284P-2661583v.1

water intrusion issues and to implement the Repair Plan.  (App. 47, 65-66).  The Amended Petition alleges an additional breach due to the Board Members' failure to amend the special assessment for the roof repair costs to apply on proportional, rather than equal, basis.  (App. 66).

These various legal theories asserted by the Condo Owners as to alleged breaches of duties by the Board Members all stem from the same alleged damages suffered by the Condo Owners—damage to, destruction of, or deterioration of the Condo Owners' tangible property. The Petitions contain a section entitled "The Damage Done," which details these alleged damages.  (App. 44-45, 62-63).  The Condo Owners contend that the values of their homes have been severely diminished due to the Board's failure to remedy the water intrusion issues, and that despite the Board's recent roof repairs, the "unremedied water intrusion issues have, and will continue to cause costly harm to the structural integrity of the Condominium."  (App. 44, 62). Specific examples of the claimed property damage include falling and buckling stucco, sagging ceilings, insect problems, and water damage between the patio and doorway of one unit.  (App. 44-45, 62-63).   The Condo Owners further complain that in addition to diminishing their property values, the Board Members demanded that the Condo Owners pay a special assessment for repairs that do not fully resolve the water intrusion issues, and that the Condo Owners' quality of life and enjoyment of their homes have been severely diminished.  (App. 63).  The Condo Owners conclude that the harm they have suffered "will get worse every day that pervasive and destructive water intrusion is allowed to weaken the structural integrity of their units and the Condominium as a whole."  (App. 45, 63).

In sum, all of the Condo Owners' allegations and claimed damages bear at least an incidental relationship to, and would not exist "but for," the property damage to the Condominium caused by the water intrusion issues.  Stated another way, without the damage to

7754.07648.00284P-2661583v.1

the Condo Owners' tangible property, there would be no basis for a claim against the Board Members. The Underlying Suit therefore constitutes a **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any damage to, destruction of, deterioration of, loss of, or loss of use of any tangible property. Consequently, the Property Damage Exclusion excludes coverage for the Underlying Suit in its entirety.

**D.      Absent Coverage, Travelers Has No Duty to Defend, and the Board Members Cannot Prevail on Their Claims for Declaratory Judgment, Breach of Contract, or Permanent Injunction**

Count One of the Board Members' pleading in this action seeks a judgment declaring that: (i) the Board Members are entitled to payment and reimbursement from Travelers of defense costs for the Underlying Suit, and (ii) that Travelers is contractually bound to pay defense costs on a going-forward basis. (Doc. 1-5 at 6-7). In Count Two, the Board Members assert a cause of action against Travelers for breach of contract, alleging that Travelers has "repudiated its duty to defend" and therefore breached the Policy. (Doc. 1-5 at 7). Count Six asserts that the Board Members are entitled to a permanent injunction enjoining Travelers from withholding payment of attorneys' fees previously incurred in defending the Underlying Suit and which may be incurred in the future. (Doc. 1-5 at 9).

All of these causes of action require a finding that Travelers has a duty to defend the Board Members in the Underlying Suit. However, as established above, the Property Damage Exclusion applies to exclude coverage for the Underlying Suit in its entirety. As such, the Underlying Suit is not covered under the Policy and does not trigger Travelers' duty to defend. *See Evanston Ins. Co.*, 2017 U.S. Dist. LEXIS 81845 at *5 ("If the petition only alleges facts excluded by the policy, the insurer is not required to defend."). The Board Members therefore are not entitled to the declaratory judgment or permanent injunction they seek with respect to the

7754.07648.00284P-2661583v.1

duty to defend; rather, Travelers is entitled to a declaration that it has no duty to defend the Underlying Suit.  Further, because the Policy does not provide coverage for the Underlying Suit, Travelers' decision not to provide a defense was proper and does not constitute a breach of the Policy.  Consequently, the Board Members' claims for declaratory judgment, breach of contract, and permanent injunction fail as a matter of law, and Travelers is entitled to summary judgment in its favor on these claims.

**E.**     **Travelers Is Also Entitled to Summary Judgment That It Has No Duty to Indemnify the Board Members in the Underlying Suit**

"Logic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify." *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).  Thus, as this Court has recognized, the duty to indemnify can be adjudicated prior to the termination of the underlying litigation if "'the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Cincinnati Specialty Underwriters Ins. Co. v. Chajon*, No. 3:16-CV-3180-G, 2017 U.S. Dist. LEXIS 119989, *20 (N.D. Tex. July 31, 2017) (quoting *Markel Am. Ins. Co. v. Verbeek*, 657 Fed. App'x 305, 311 (5th Cir. 2016) (quoting *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997))).

As established above, because the Property Damage Exclusion clearly excludes any coverage for the Underlying Suit, Travelers has no duty to defend.  These same reasons that negate the duty to defend likewise negate any possibility that Travelers will ever have a duty to indemnify the Board Members for any settlement or judgment that may be entered against them in the Underlying Suit.  Accordingly, the duty to indemnify is justiciable now before liability is determined in the Underlying Suit, and Travelers is entitled to summary judgment holding that it

7754.07648.00284P-2661583v.1

has no duty to indemnify.  *See Griffin*, 955 S.W.2d at 84; *Chajon*, 2017 U.S. Dist. LEXIS 119989, at \*20-21.

**F.      Absent Coverage, the Board Members Cannot Prevail on Their Extra-Contractual Claims**

The Board Members assert several additional claims against Travelers seeking recovery for extra-contractual amounts based on Travelers' alleged breached of the duty to defend.  As established above, the undisputed facts establish as a matter of law that the Property Damage Exclusion bars coverage for the Underlying Suit in its entirety.  Absent coverage, the Board Members cannot prevail on any of their extra-contractual claims.  *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive."); *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005).  Travelers is therefore entitled to summary judgment as a matter of law on all of the Board Members' extra-contractual claims as detailed below.

**1.      Because Travelers Is Not Liable for Defense Costs, the Board Members Cannot Recover under Chapter 542**

Count Three of the Board Members' pleading asserts that by refusing to timely pay or reimburse the defense costs incurred by the Board Members in the Underlying Suit, Travelers violated Chapter 542 of the Texas Insurance Code ("Chapter 542").  (Doc. 1-5 at 7-8).  TEX. INS. CODE § 542.051 *et seq*.  Texas law, however, is clear that liability under Chapter 542 is contingent upon a finding of coverage under the policy.  *See State Farm Lloyds*, 315 S.W.3d at 532.  Chapter 542 itself expressly states that it applies only where "an insurer that is ***liable*** for a claim under an insurance policy is not in compliance with [the provisions of Chapter 542]."  TEX. INS. CODE § 542.060(a) (emphasis added).  Thus, to successfully state a claim under Chapter 542, the insured must establish: (1) a claim under an insurance policy; (2) that the

7754.07648.00284P-2661583v.1

insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of Chapter 542 with respect to that claim. *See Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001).

Absent liability for coverage under the policy, the insurer cannot violate Chapter 542. *See Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*, No. 3:16-CV-0465-B, 2017 U.S. Dist. LEXIS 114468, *53 (N.D. Tex. July 21, 2017) (concluding that because insurer was not liable for the insured's claim under the policy, insurer was entitled to summary judgment on the Chapter 542 claim); *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 806 (Tex. 2007) ("The statute's penalties have always been payable only to those who can recover on a policy. . . ."); *Boyd*, 177 S.W.3d at 922 (Tex. 2005) ("There can be no liability under [Chapter 542] if the insurance claim is not covered by the policy.").

The undisputed facts here establish as a matter of law that due to the applicability of the Property Damage Exclusion, the Underlying Suit is not covered under the Policy. Absent coverage, Travelers is not liable for the costs incurred, or to be incurred in the future, by the Board Members for the defense of the Underlying Suit. Travelers' non-payment of the defense costs therefore does not constitute a violation of Chapter 542's prompt payment requirements, and the Board Members have no basis for recovery of the statutory penalties. Consequently, Travelers is entitled to summary judgment as a matter of law on the Board Members' Chapter 542 claim.

2.      **Because the Board Members Cannot Establish a Right to Policy Benefits or an Independent Injury, They Cannot Recover on Their Common Law and Statutory Bad Faith Claims**

Count Four of the Board Members' pleading asserts that Travelers owes the Board Members a duty of good faith and fair dealing and that Travelers breached this duty by

7754.07648.00284P-2661583v.1

misrepresenting the terms of the Policy and by denying payment of a covered claim when Travelers knew or should have known its liability under the Policy was reasonably clear.  (Doc. 1-5 at 8).  Count Four also seeks recovery of statutory damages under Chapter 541 of the Texas Insurance Code ("Chapter 541").  TEX. INS. CODE § 541.060(a)(2)A).  The Board Members' claims fail for several reasons.

First, Texas law does not recognize a common law cause of action for bad faith in the context here of a third party bringing a liability claim against the insured.  *See Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 507 (N.D. Tex. 2011) ("An insured, however, has no claim for bad faith premised on the insurer's investigation or defense of a claim brought against it *by a third party*.") (emphasis in original); *see also Md. Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28-29 (Tex. 1996).  Based on these authorities, The Board Members' claim for common law bad faith is not cognizable.

Second, with respect to a statutory bad faith claim, the general rule is that an insured has no right of recovery under Chapter 541 where, as here, the claim is not covered under the Policy. *See Certain Underwriters*, 2017 U.S. Dist. LEXIS 114468, at *47-49 (citing *USAA Tex. Lloyds Co. v. Menchaca*, No. 14-0721, 2017 Tex. LEXIS 361, *4 (Tex. Apr. 7, 2017) (reaffirming general rule that "an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits") and *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) ("[T]here can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered.")).

Applying these authorities here, because the Property Damage Exclusion excludes coverage for the Underlying Suit, the Board Members have no right to receive benefits under the Policy with respect to the Underlying Suit.  *See Certain Underwriters*, 2017 U.S. Dist. LEXIS

7754.07648.00284P-2661583v.1

114468, at *49-50; *see also Menchaca*, 2017 Tex. LEXIS 361, at *4.  As such, The Board Members' "only route to damages for a statutory violation would be to demonstrate that they suffered an 'injury independent of a right to benefits.'"  *Certain Underwriters*, 2017 U.S. Dist. LEXIS 114468, at *50 (quoting *Menchaca*, 2017 Tex. LEXIS 361, at *4).  The only damages pleaded by the Board Members are the defense costs incurred in defending the Underlying Suit (Doc. 1-5 at 8).  The Board Members have not pleaded and cannot prove any injury independent of a right to benefits under the Policy.  The Board Members therefore have no basis for recovery under Chapter 541.

Further, even if the Board Members could establish coverage (which Travelers disputes and does not concede), Travelers' denial based on the Property Damage Exclusion was reasonable, and this action presents nothing more than a "bona fide coverage dispute" between the Board Members and Travelers, thereby precluding a finding of a Chapter 541 violation.  *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015) (a claim of bad faith under Chapter 541 requires a showing that there was no reasonable basis to deny or delay payment of the claim).

In sum, the common law bad faith claim is not cognizable under Texas law.  The statutory bad faith claim fails because the Board Members are not entitled to coverage under the Policy and cannot show any independent injury, and because this matter constitutes a bona fide coverage dispute.  Consequently, Travelers is entitled to summary judgment as a matter of law on the Board Members' common law and statutory bad faith claims.

### 3.     Because the Board Members Cannot Show a Breach of Contract, They Cannot Recover Attorneys' Fees

Count Six of the Board Members' Original Petition seeks recovery of the attorneys' fees incurred by the Board Members in this coverage litigation pursuant to Sections 37.009 and

38.001 of the Texas Civil Practice and Remedies Code.  (Doc. 1-5 at 9).  TEX. CIV. PRAC. & REM. CODE §§ 37.009, 38.001.  Again, these claims fail as a matter of law.

Section 37.009 provides for recovery of attorneys' fees for a proceeding brought under the Texas Uniform Declaratory Judgment Act (the "UDJA").  TEX. CIV. PRAC. & REM. CODE § 37.009.  This Court has held that the UDJA is procedural and thus does not apply in federal proceedings like this action.  *Tex. Trailer Corp. v. Nat'l Union Fire Ins. Co.*, NO. 3:15-CV-2453-B, 2016 U.S. Dist. LEXIS 84074, *16-17 (N.D. Tex. June 28, 2016).  Additionally, as established above, because the Policy does not cover the Underlying Suit, the Board Members are not entitled to their requested declaratory judgment on the duty to defend.  The Board Members therefore are not entitled to recovery of attorneys' fees under Section 37.009.

Recovery of attorneys' fees under Section 38.001 is permissible only upon a finding of breach of contract.  TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see Tex. Trailer Corp.*, 2016 U.S. Dist. LEXIS 84074, at *16-17.  Because, as shown above, the Underlying Suit does not trigger Travelers' duty to defend, the Board Members cannot establish a breach of contract by Travelers.  The Board Members therefore are not entitled to recovery of attorneys' fees under Section 38.001.

For these reasons, Travelers is entitled to summary judgment as a matter of law on the Board Members' claim for attorneys' fees.

## VI.
## CONCLUSION

The undisputed facts establish as a matter of law that all of the allegations and damages sought in the Underlying Suit bear at least an incidental relationship to, and would not exist "but for," the property damage stemming from the water intrusion.  The Property Damage Exclusion therefore excludes coverage for the Underlying Suit in its entirety.  Absent coverage, Travelers

7754.07648.00284P-2661583v.1

has no duty to defend, and the Board Members cannot prevail on their claims for declaratory judgment, breach of contract, and permanent injunction.   Because the Property Damage Exclusion forecloses any possibility of coverage, Travelers is also entitled to a summary judgment that it has no duty to indemnify.   Finally, because Travelers has no liability under the Policy and the Board Members have no independent injury, the Board Members cannot prevail on their extra-contractual claims for violation of Chapters 541 and 542, common law bad faith, and statutory attorneys' fees.   For these reasons, Travelers is entitled to summary judgment as a matter of law on all of the Board Members' claims asserted against it in this action.

Respectfully submitted,

By:   /s/ J. Price Collins
J. Price Collins
State Bar No.: 04610700
price.collins@wilsonelser.com
Ashley F. Gilmore
State Bar No.: 50511704
ashley.gilmore@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, TX  75202-3758
Telephone:   214-698-8000
Facsimile:   214-698-1101

**ATTORNEYS FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

7754.07648.00284P-2661583v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on August 9, 2017, a true and correct copy of the foregoing Defendant's Brief in Support of Motion for Summary Judgment was filed using the Court's CM/ECF system, which will serve a copy  on the following counsel of record:

Shannon W. Conway
sconway@talcottfranklin.com
Cory C. Johnson
cory@talcottfranklin.com
TALCOTT FRANKLIN P.C.
1521 N. Cooper Street, Suite 340
Arlington, Texas 76011
**ATTORNEYS FOR PLAINTIFFS**
**ROBERT CONNORS, ALEX EINSPRUCH,**
**KAYVON SHAHBAZ, BRIAN STEELY, AND PETER LU**

_/s/ J. Price Collins_
J. Price Collins

7754.07648.00284P-2661583v.1

25